# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# SOUTHEASTERN DIVISION

| | | |
|---|---|---|
| SABIN IAN PATTY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:14-CV-54-SNLJ |
| | ) | |
| GEORGE A. LOMBARDI, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on review of plaintiff's motion for leave to proceed in forma pauperis [Doc. #6, pp. 7-9]. Plaintiff states that despite his numerous attempts to obtain a copy of his inmate account statement, he has been unable to do so [Doc. #6, pp. 1-6]. Under these circumstances, the Court will grant plaintiff leave to proceed in form pauperis and, at this time, no initial partial filing fee will be assessed.

The Court notes that plaintiff has filed a pro se complaint and exhibits [Doc. #1], a motion to amend the complaint [Doc. #3], as well as a document titled "Order to Show Cause for an [sic] Preliminary Injunction," [Doc. #3], which the Court will liberally construe as a supplement to the complaint. Because all claims in an action must be included in one, centralized complaint form, as neither the Court nor defendants wish to search through supplemental pleadings in order to piece together

plaintiff's claims, the Court will give him an opportunity to file an amended complaint on a court-provided form, as set forth below.[1]

In filing his amended complaint, plaintiff must be mindful that the number of claims a litigant may assert in a single action is limited by Federal Rule of Civil Procedure 20(a)(2), which provides:

> Persons . . . may be joined in one action as defendants if: (A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all defendants will arise in the action.

Thus, a plaintiff cannot normally seek to join in one lawsuit a multitude of claims against a host of different defendants, relating to events arising out of a series of different occurrences or transactions. In other words, "Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2." *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007). "Unrelated claims against different defendants belong in different suits, . . . [in part] to ensure that prisoners pay the required filing fees - for the Prison Litigation Reform Act limits to 3 the number of frivolous suits or appeals that any prisoner may file without prepayment

---

[1] The Court will instruct the Clerk to mail plaintiff a blank form complaint for the filing of a prisoner civil rights action. Plaintiff must complete his amended complaint on the court-provided form.

2

of the required fees." *Id.* Therefore, in filing his amended complaint, plaintiff should select the transaction or occurrence he wishes to pursue, in accordance with the Federal Rules of Civil Procedure, limiting his facts and allegations to the defendant(s) involved in said occurrence. Plaintiff should only include in his amended complaint those claims that arise out of the same transaction or occurrence. *See* Fed.R.Civ.P. 20(a)(2). Alternatively, plaintiff may choose to select one defendant and set forth as many claims as he has against that single individual. *See* Fed.R.Civ.P. 18(a). Plaintiff may not assert any claims on behalf of other inmates.

Plaintiff is reminded that he is required to submit his amended complaint on a court-provided form, and it must comply with Rules 8 and 10 of the Federal Rules of Civil Procedure. Specifically, in the "Caption" of the form complaint, plaintiff shall set forth the name of each defendant he wishes to sue; and in the "Statement of Claim," plaintiff shall start by typing the first defendant's name, and under that name, he shall set forth in separate numbered paragraphs the allegations supporting his claim(s) as to that particular defendant, as well as the right(s) that he claims that particular defendant violated. If plaintiff is suing more than one defendant, he shall proceed in this manner with each of the named defendants, separately setting forth each individual name and under that name, in numbered paragraphs, the allegations

specific to that particular defendant and the right(s) that he claims that particular defendant violated.

The amended complaint must contain short and plain statements showing that plaintiff is entitled to relief, the allegations must be simple, concise, and direct, and the numbered paragraphs must each be limited to a single set of circumstances. If plaintiff needs more space, he may attach additional sheets of paper to the amended complaint and identify them as part of the "Caption" or "Statement of Claim." Because the Court is allowing plaintiff to amend his complaint, it will take no action as to the named defendants at this time. Plaintiff is advised that the amended complaint will replace the original complaint and supplement and will be the only pleading this Court reviews. *See, e.g.*, *In re Wireless Telephone Federal Cost Recovery Fees Litigation*, 396 F.3d 922, 928 (8th Cir. 2005). In addition, plaintiff is instructed not to attach any exhibits to his amended complaint.

Last, if plaintiff wishes to pursue additional claims against additional defendants, and the claims to not arise from the same transaction or occurrence, he must file each such claim(s) on a separate complaint form and either pay the $400 filing fee or file a motion for leave to proceed in forma pauperis and certified inmate account statement.

Accordingly,

**IT IS HEREBY ORDERED** that the Clerk shall mail to plaintiff a copy of the Court's form Prisoner Civil Rights Complaint.

**IT IS FURTHER ORDERED** that, consistent with this Order, plaintiff shall file an amended complaint on the court-provided form within thirty (30) days of the date of this Order.

**IT IS FURTHER ORDERED** that plaintiff's motion to proceed in forma pauperis [Doc. #6, pp. 7-9] is **GRANTED**.

**IT IS FURTHER ORDERED** that plaintiff's original motion to proceed in forma pauperis [Doc. #2] and motion to file an amended complaint [Doc. #3] are **DENIED** as moot.

**IT IS FURTHER ORDERED** that if plaintiff fails to comply with this Order, the Court will dismiss this action without prejudice and without further notice to him. If the case is dismissed, the dismissal will not constitute a "strike" under 28 U.S.C. § 1915(g).

Dated this 13th day of June, 2014.

_____
**UNITED STATES DISTRICT JUDGE**